UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MONIQUE MOORE, | Case No. 1:25-cv-282 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jennifer Dowdell Armstrong |
| OHIO DEPARTMENT OF MOTOR VEHICLES, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Proceeding without a lawyer, Plaintiff Monique Moore filed this action against the Ohio Department of Motor Vehicles, the Ohio Department of Public Safety, and Anne Scavnicky, an employee of the Ohio Department of Public Safety. Although Plaintiff's complaint is difficult to decipher, it appears that Defendants took actions resulting in the initiation of criminal charges in State court against Ms. Moore. She states that she brings this civil action for "deprivation of rights and unfair business practices." (ECF No. 1, PageID #1.) She seeks unspecified monetary damages.

Plaintiff filed an application to proceed *in forma pauperis.* (ECF No. 3.) The Court **GRANTS** that application.

## STATEMENT OF FACTS

While Ms. Moore includes factual allegations in her complaint, they lack any context or explanation, making it difficult to piece together what happened to her

and how Defendants might have played a role in those events. She filed an exhibit to her complaint showing that William Daniel provided a written statement on October 14, 2021 to Ms. Scavnicky, an investigator for the Ohio Department of Public Safety, claiming that Ms. Moore forged his name to gain title to a 1993 Kenworth Rolloff Truck and a 1994 East Walking Floor Trailer. (ECF No. 3-1, PageID #23.) Ms. Moore denies the allegation and contends that Ms. Scavnicky did not conduct a thorough investigation of Daniel, who has a criminal record, before accepting his version of events.

She indicates that she was charged in March 2022 with tampering with records, forgery, forging identification cards, and certificate of title offenses. She states that "almost two years" later, she was able to prove that Daniel was not the owner of Around the Clock Rolloff, LLC, the Mack truck, the Walking Floor, World Waste Solutions, LLC, and Ax Smash Demolition, LLC, and, therefore, not the victim. She contends that, rather than go trial, she agreed to plead guilty to the misdemeanor certificate of title offense listed in count three of the indictment. All felony counts were dismissed.

## STATEMENT OF THE CASE

Plaintiff does not identify any legal claims she seeks to assert against any Defendant. She simply states that she is seeking compensatory, consequential, and punitive damages.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe

the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Federal courts are courts of limited jurisdiction. Unlike State trial courts, federal courts do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where a case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must establish that she is a citizen of one State and all of defendants are citizens of others. The citizenship of a natural person equates to her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

4

law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Plaintiff has not established that the Court has subject matter jurisdiction. Diversity of citizenship is not present. All parties appear to be Ohio citizens. To establish federal question jurisdiction, the complaint must contain a federal legal claim. However, Plaintiff has not listed any legal claims in her complaint, and the Court cannot infer one from the information she provides. Without any indication of the legal claims she intends to assert, Plaintiff cannot establish federal question jurisdiction. *Iqbal*, 556 U.S. at 678.

Moreover, without legal claims, the complaint fails to meet the minimum pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint provide the defendants with fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Because Plaintiff's factual allegations are sparse and she fails to identify a legal claim, her complaint falls short of complying with this standard.

## CONCLUSION

Accordingly, pursuant to 28 U.S.C. §1915(e), the Court **DISMISSES** this action. Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: March 25, 2025

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

6